UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | 4:17-CR-40058 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| LOREN BROWN and RANDY L. GARRISS, | |
| Defendants. | |

Defendant, Randy Garriss, filed a motion to suppress seeking to "suppress any and all evidence obtained by administrative process after referral was made to the Department of Justice for criminal investigation." Doc. 151. Title 26, section 7602(c)(1) of the United States Code provides:

> No summons may be issued under the Title, and the Secretary may not begin any action . . . to enforce any summons, with respect to any person, if a Justice Department referral is in effect with respect to such person.

26 U.S.C. § 7602(c)(1).

Magistrate Judge Duffy ordered the Government to respond to "whether there ever was any evidence obtained by administrative process after a criminal investigation referral was made." Doc. 155.

The Government responded to Judge Duffy's order and stated in its brief that "we believe there is no evidence in this case that was obtained by administrative process after the referral was made to the [DOJ]." Doc. 156. The Government also opposed Mr. Garriss's motion because (1) the Defendant has not specified any evidence he believes falls within the category that he has identified; and (2) even if there were such evidence, the Defendant has cited no authority that would support suppression. Doc. 156 at 2. The Government argues that "as the moving party, at a minimum it is defendant's burden to come forth with some evidence and argument to support his position that evidence, statements, or a witness identification should be suppressed." Doc. 156 at 2 (quoting *United States v. Edwards*, 563 F.Supp.2d 977, 994 (D. Minn. 2008) ("[E]ven in those circumstances where the Government has the ultimate burden of persuasion, Defendant has the initial burden of making a prima facie showing of illegality.")).

1

Judge Duffy issued a report and recommendation recommending to the Court that the motion to suppress be denied as moot given the Government's belief that no evidence was obtained by administrative process after a criminal investigation referral was made. Doc. 157.

Mr. Garriss filed an objection to the Report and Recommendation. Doc. 161. Therein, Mr. Garriss stsates that he cannot determine what evidence may have been obtained by administrative process after a criminal investigation referral was made because the Government has not disclosed when referral for criminal prosecution was made to the Department of Justice. Doc. 161. Mr. Garriss has represented that in the many pages of discovery produced, there are many documents that were obtained administratively. Doc. 161 at 1.

It is hereby ORDERED that:

1) The Government shall file with the Court within ten (10) days of the date of this order, the date this case was referred to the Department of Justice for criminal prosecution; and

2) Mr. Garriss shall have an additional twenty (20) days after the Government files its response, to file with the Court a supplement to his motion to suppress, Doc. 151, identifying what evidence he seeks to suppress.

Dated this 7th day of October, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK